UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDWIN SANTIAGO,

    Plaintiff,

  -against-                              **COMPLAINT**
                                              Docket No. 1:15-cv-6170

LTD FINANCIAL SERVICES, LP.,         Jury Trial Demanded:  Yes

    Defendant,
_____/

## I.    PARTIES IN THE COMPLAINT

1. Plaintiff, Edwin Santiago is a resident of State of New York, residing at 155-33 78th Street, 2nd Floor, Howard Beach, NY 11414.

2. Defendant LTD Financial Services, L.P. is a Texas corporation engaged in the business of collecting debts with its principal place of business located at 7322 Southwest Freeway, Suite#1600, Houston, TX 77074.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## II.    JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial

privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### III.    FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting his account to credit bureaus.

12. On or about June 26, 2015, Whitney Reyes from Asset Protection Management called LTD Financial Services, L.P., on behalf of the Plaintiff in order to get information on the account showing on Plaintiff's credit report.

13. A representative from LTD Financial Services, L.P., answered the phone "Thank you for calling LTD Financial Services this is Raymond Norris how I may direct your call?"

14. Whitney Reyes states to the representative she is from Asset Protection Management and is calling on behalf of Edwin Santiago.  She also advises that a Power of Attorney should be on file for their client and if she can provide the social to see if they received it.

15. Defendant's representative states: "Ok, go ahead."

16. Whitney states: "xxx-xx-6216, for Edwin Santiago."

17. Defendant's representative states: "Okay I will get you over to extension who will be handling this x6285."

18. Whitney states: "Okay thank you."

19. A new representative for the defendant answers the phone and states: "Hello this is Mr. Lopez how I can direct your call?"

20. Whitney states: "Hello my name is Whitney Reyes calling from Asset Protection and Management regarding Edwin Santiago can I give you a social?"

21. Defendant's representative states: "Ok."

22. Whitney states: "xxx-xx-6216. Power of Attorney was faxed over two to three days ago, I'm calling to see if you received it."

23. Defendant's representative states: "Yes I believe so from Asset Protection & Management. What is date of birth please?"

24. Whitney Reyes states: "7/02/1973."

25. Defendant's representative gives mini-Miranda warning and states: "This is a Citibank Home Depot account with $1,066.60."

26. Whitney states: "Can you tell me when last payment shows?"

27. Defendant representative states: "May 2008 what is it they are planning to do?"

28. Whitney Reyes states: "I am trying to get a little more information on this account. Can you give me a breakdown as to the $1,066.60 as to what that balance is for?"

29. Representative states: "I am not really understanding what you mean you need more information on the account. I want more information regarding on what the individual is planning to do."

30. Whitney states: "He is trying to get more information on the account. We want to know what that $1,066.00 is for."

31. Defendant's representative states: "Ok, does he have any intention to take care of this matter?"

32. Whitney states: "There is a possibility yes."

33. Defendant's representative states: "Ok, unfortunately to answer your question a breakdown of what charges are for. Now we can try to submit the request for that but since the account is quite old and it was purchased by another company, Advantage Assets. This is the information we have."

34. Whitney states: "I did not hear what you said."

35. Defendant's representative states: "Advantage Assets"

36. Whitney Reyes: "As of now my client wants me to go ahead and dispute this with your company."

37. Defendant's representative states: "Well has to send it in writing as to why he is disputing it to validate it. Do you need the address and all that?"

38. Whitney Reyes: "Ok, you can give me address, is it possible to go ahead and verbally dispute the account with you?"

39. Defendant's representative states: "Well, that is what I am trying to explain to you he has to do it in writing. He needs to give us details as to why he is disputing. You are stating he wants to dispute it but you are not giving us any details."

40. Whitney Reyes states: "Reason is, he does not believe to owe that balance is what he told me to Citibank Home Depot."

41. Defendant's representative states: "That is not a valid dispute. When there is a discrepancy or a dispute there is a reason why with the merchant product is a simple example but just because they fell they don't owe the amount they are going to have a reason as to why."

42. Whitney states: "So it has to be in writing."

43. Defendant's representative states: "Yes, they have to have information regarding that."

44. Whitney states: "Ok"

## IV.     FIRST CAUSE OF ACTION VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e-seq.

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

47. Defendant is in violation of 15 U.S.C. §1692e(8) by perpetuating a deceptive and misleading representation of Plaintiff's credit status by listing Plaintiff's account with national credit bureaus and then placing Plaintiff's account with another entity while failing to inform credit bureaus accordingly, and by refusing to properly and rightfully send notice to said bureaus that Plaintiff's account was currently in dispute.

48. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

49. The Defendant violated 15 U.S.C. § 1692f – preface by unfairly and unconscionably refusing to accurately report the status of Plaintiff's account after receiving notification of Plaintiff's dispute, and unfairly allowing it's agent, the employee with whom Plaintiff's representative conversed on June 26, 2015, who informed Plaintiff's representative erroneously that the dispute could not be acknowledged by Defendant. Defendant thus unfairly subjects consumers to misinformation and reports inaccurate credit information to the detriment of consumer's credit profiles.

50. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## V.     DEMAND FOR TRIAL BY JURY

51. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: October 26, 2015

                      Respectfully submitted,

                      __s/Subhan Tariq_____
                      Subhan Tariq, Esq.
                      Attorney I.D.# ST9597
                      The Law Offices of Subhan Tariq, Esq., PLLC
                      216-14 Jamaica Avenue
                      Queens Village, NY 11428
                      Telephone: 516-900-4529
                      Email: Subhan@tariqlaw.com
                      **Attorney for Plaintiff**

To:    LTD Financial Services, LP.,
        7322 Southwest Freeway, Suite#: 600
        Houston, TX 77074
        (*via Prescribed Service*)

        Clerk of the Court,
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East
        Brooklyn, NY 11201

        (*For Filing Purposes*)